ELLIS, Judge.
This is a petitory action brought by the heirs of Cleophas and Marie A. Cancienne against the heirs of Jules Blanchard. Plaintiffs are claiming the ownership of approximately ten acres of land of the east side of a larger tract containing about 39 acres. The defendants claim ownership of the entire tract of land, both by title and by prescription.
At the trial it was shown, by evidence which is uncontradicted, that Jules Blanchard had gone into possession of the entire tract of ground in 1919, by building a home thereon in which he resided; by building a number of outbuildings; by raising hogs, cattle and chickens thereon; by cultivating a garden; by fencing the entire tract; and by hunting, fishing, and trapping thereon. The evidence shows that this possession by Mr. Blanchard and his family continued up to the time of trial in June, 1979.
The record further shows that Xavier De-laune was the common ancestor of title of both sides to the case. He sold the disputed tract to Joseph Arceneaux in 1909, and Ar-ceneaux sold it to Cleophas Cancienne in 1914. Xavier Delaune subsequently died, and Jules Blanchard acquired the entire tract from his widow and heirs by two conveyances, in 1919. The property which had been sold to Arceneaux in 1909 was not excepted from either of the sales.
The parties placed in evidence their complete chains of title from Xavier Delaune. Neither party attempted to prove the chain of title from Xavier Delaune back to the sovereign.
After hearing the evidence, the trial judge found that the Blanchard heirs were in possession of the property, and that plaintiffs therefore had to prove title good against the world. He ruled that they had failed to do so because they did not prove a complete chain of title back to the sovereign. From the judgment dismissing their suit, plaintiffs have appealed.
In this court, it is alleged that the trial judge erred in holding that plaintiffs were required to deraign their title beyond the common ancestor in title.
We need not consider plaintiffs’ assignment of error. This record shows affirmatively that Jules Blanchard and his heirs have been in actual, physical, corporeal, undisputed and uninterrupted possession of the entire tract in question, under deeds translative of title for a period of 60 years. Articles 3478 et seq.; 3499 et seq., Civil Code. Defendants’ possession fulfills all of the requirements of the foregoing codal provisions for the acquisition of ownership *398 of property by prescription in both good and bad faith. Plaintiffs’ title is therefore of no moment.
The judgment appealed from is affirmed, at plaintiffs’ cost.
AFFIRMED.